IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GLOBAL PLASMA SOLUTIONS, LLC,

        Plaintiff,

v.

PLASMA AIR INTERNATIONAL, INC.,
and TOM BARROW CO,

        Defendants.

CIVIL ACTION FILE

NO. _____

JURY TRIAL DEMANDED

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff GLOBAL PLASMA SOLUTIONS, LLC ("Global" or "Plaintiff")

files this Complaint and Demand for Jury Trial against Defendants PLASMA AIR

INTERNATIONAL, INC. ("Plasma"), and TOM BARROW CO ("Barrow")

(collectively, "Defendants"), and states as follows:

THE PARTIES

1.      Plaintiff Global is a limited liability company organized and existing

under the laws of the State of Georgia, having its principal office at 10 Mall

Terrace, Building C, Savannah, Georgia  31406.

2.      Defendant Plasma is a corporation organized and existing under the

laws of the State of Connecticut, having a principal place of business at 35 Melrose

Place, Stamford, CT  06902.  Plasma may be served by and through its president

and registered agent for service of process, Lawrence T. Sunshine, 35 Melrose

Place, Stamford, CT  06902.

3.     Defendant Barrow is a corporation organized and existing under the

laws of the State of Georgia, having its principal place of business at 2800 Plant

Atkinson Rd., SE, Smyrna, Georgia  30080.  Barrow may be served by and through

its registered agent for service of process, J. Michael Shea, Tom Barrow Co, 2800

Plant Atkinson Rd., SE, Atlanta, Georgia  30339.

## SUBJECT MATTER JURISDICTION

4.     This action arises under the Patent Laws of the United States, 35

U.S.C. § 1 et seq., including, without limitation, 35 U.S.C. §§ 271, 281, 284, and

285.  As a result, this Court has subject matter jurisdiction over this case pursuant

to 28 U.S.C. §§ 1331 and 1338(a).

## PERSONAL JURISDICTION

5.     This Court has personal jurisdiction over Plasma in this action

pursuant to O.C.G.A. § 9-10-91 and federal law on the grounds that, upon

information and belief, (i) Plasma transacts business within the State of Georgia;

(ii) Plasma has committed acts of patent infringement within or directed toward

residents of the State of Georgia; (iii) Plasma's wrongful acts have caused injury

within the State of Georgia, and Plasma regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods sold, used or consumed or services rendered in this state; (iv) Plasma purposefully directs activities toward residents of the State of Georgia; (v) the causes of action set forth herein arise from or relate to Plasma's activities in or directed toward the State of Georgia; and/or (vi) the exercise of jurisdiction over Plasma will not offend traditional notions of fair play and substantial justice.

6.     Specifically, Plasma is subject to specific personal jurisdiction in this Court pursuant to O.C.G.A. § 9-10-91(1) and federal law because Plasma has shipped, distributed, offered for sale, sold, and/or advertised infringing products in the United States, the State of Georgia, and the Northern District of Georgia directly, jointly, and/or through intermediaries.  Such sales in this district include, upon information and belief, sales of infringing product to a contractor in Georgia believed to by Barrow, which installed infringing products on the campus of the Georgia Institute of Technology in Atlanta, Georgia.   In addition, Plasma's Internet web site lists Barrow as Plasma's only distributor in Georgia.

7.     This Court has personal jurisdiction over Barrow in this action on the grounds that Barrow is a Georgia corporation having a principal office in Atlanta, Georgia, and on the grounds that Barrow has distributed, offered for sale, sold,

and/or advertised infringing products in the United States, the State of Georgia, and the Northern District of Georgia directly, jointly, and/or through intermediaries.

## VENUE

8.     Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. §§ 1391 and/or 1400(b), on the grounds that Defendants are subject to personal jurisdiction in this district and reside in this district for purposes of the federal venue statutes, and that a substantial part of the infringing conduct giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

9.     Global is the owner by assignment of all right, title and interest in and to United States Patent Number 9,289,779, entitled "Ion Generator Device" ("the '779 Patent"), including the right to sue for all past, present, and future infringement.

10.     The application that became the '779 Patent was filed on September 8, 2014 as application number 14/480,120 ("the '120 application"), and issued on March 22, 2016.

11.     The '120 application was a continuation of application number 14/036,882 ("the '882 application"), filed on September 25, 2013, which is now U.S. Patent No. 8,861,168.

12.     The '882 application was a division of application 12/578,753 ("the '753 application"), filed on October 14, 2009, which is now U.S. Patent No. 8,564,924 ("the '924 Patent").

13.     The claims of the '779 patent asserted in this action are entitled to priority and to the benefit of the earlier filing date of at least the '753 application (now the '924 Patent).

14.     The '120 application that became the '779 Patent was published on December 25, 2014 as publication number US 2014/0373817 A1 ("the '817 publication").

15.     The '779 Patent issued on March 22, 2016, after full and fair examination by the United States Patent Office.

16.     All the claims of the '779 Patent are valid and enforceable.

17.     A true and correct copy of the '779 Patent is attached hereto as Exhibit A.

18.     At the AHR Expo in January of 2013, Global's principal, Charles Waddell, who is also the inventor of the technology claimed in the '779, and '924

patents, discussed with Plasma's principal, Larry Sunshine, Global's patent-pending technology.

19.     On November 18, 2013, Global provided to Plasma a copy of the '924 Patent, which had issued on October 22, 2013 from the '753 application.  Global also told Plasma that additional related patents were in process.  In pre-suit communications between counsel for Global and counsel for Plasma, Plasma was informed of the '120 application, the '817 publication, and the notice of issuance of the '779 patent.

<u>COUNT I – DIRECT PATENT INFRINGEMENT</u>

20.     Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1-19, above, as if set forth verbatim herein.

21.     Claim 1 of the '779 Patent claims:

> 1. A system for treatment of an airflow within a conduit, the system comprising at least one bipolar ion generator having first and second electrodes, the first electrode generating positive ions and the second electrode generating negative ions, wherein the first and second electrodes are aligned generally perpendicular to the airflow within the conduit whereby at least a portion of the positive ions and the negative ions do not recombine within the airflow.

22.     Claim 4 of the '779 Patent claims:

4. The system of claim 1, wherein the at least one bipolar ion generator is a tubeless ion generator, and wherein the first and second electrodes are needlepoint electrodes.

23. Claim 5 of the '779 Patent claims:

5. The system of claim 1, wherein the conduit is an HVAC duct.

24. Claim 6 of the '779 Patent claims:

6. The system of claim 1, wherein the conduit is an air handler unit housing of a VRV or VRF HVAC system.

25. Claim 18 of the '779 Patent claims:

18. A method of treatment of an airflow within a conduit, the method comprising:
   providing at least one bipolar ion generator having first and second electrodes for delivery of positive and negative ions within the conduit; and
   aligning the first and second electrodes generally perpendicularly to the airflow within the conduit whereby at least a portion of the positive ions and the negative ions do not recombine within the airflow.

26. Defendants have directly infringed at least claims 1, 4, 5, 6, and 18 of the '779 patent in violation of 35 U.S.C. § 271(a) by making, importing, using, selling, or offering for sale in the United States products that embody the patented invention and each and every element of each asserted claim thereof. Defendants will continue to infringe unless enjoined by this court. Defendants' infringing

products include, without limitation, the Plasma Air Model PA600, Model 7000 series (7100, 7200, 7300, and 7400), and Plasma BAR products, which embody or incorporate each and every element of each claim asserted herein, and any other bipolar ion generator products which incorporate each and every element of any asserted claim of the '779 Patent.

27.     Defendants' infringing activities are and have been without authority or license under the '779 Patent.

28.     Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' infringing acts in an amount subject to proof at trial, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court pursuant to 35 U.S.C. § 284.  Pursuant to 35 U.S.C. § 154(d)(1), such damages shall include a reasonable royalty beginning as early as December 25, 2014, the date the '120 application was published, on the grounds that Defendants infringed upon the invention as claimed in the published application, that the claims as published were identical to the claims as issued, and, upon information and belief, that Defendants had actual notice of the published application.

29.     Defendants' ongoing infringement of the '779 Patent has irreparably harmed, and continues to irreparably harm, Plaintiff.

30.     Defendants' infringing activities will continue unless enjoined by this Court pursuant to 35 U.S.C. § 283.

PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

A.     An adjudication that one or more claims of the '779 patent have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

B.     A permanent injunction pursuant to 35 U.S.C. § 283, enjoining Defendants from further acts of infringement with respect to the claims of the '779 patent;

C.     An accounting and an award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284, in addition to pre-issuance royalties pursuant to 35 U.S.C. § 154(d)(1);

D.     That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and expenses in accordance with 35 U.S.C. § 285; and

E.      Any further relief that this Court deems just and proper.

JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

This 22nd day of March, 2016.

/s/*Daniel A. Kent*
Daniel A. Kent
Georgia Bar No. 415110
dankent@kentrisley.com
(404) 585-4214

Stephen R. Risley
Georgia Bar No. 606545
steverisley@kentrisley.com
(404) 585-2101

KENT & RISLEY LLC
555 N Point Ctr E Ste 400
Alpharetta, GA 30022

Attorneys for Plaintiff