# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

_____

GLOBAL PLASMA SOLUTIONS, LLC,

    Plaintiff,

PLASMA AIR INTERNATIONAL, INC., and TOM BARROW CO.,

    Defendants.

_____

CIVIL ACTION FILE
No. 1:16-cv-00915-RWS

## **DEFENDANT TOM BARROW CO.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Tom Barrow Co. ("Tom Barrow") hereby files its Answer and Affirmative Defenses, responding, paragraph by paragraph to the Complaint for Patent Infringement filed by Plaintiff Global Plasma Solutions, LLC ("GPS") ("Complaint").

Tom Barrow denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

## THE PARTIES

1. Lack sufficient knowledge or information to form a belief about the truth of the allegations.

2. Lack sufficient knowledge or information to form a belief about the truth of the allegations.

3. Denied, except Tom Barrow admits that Tom Barrow is a corporation organized and existing under the laws of the State of Georgia, having a place of business at 2800 Plant Atkinson Rd. Georgia, and Tom Barrow has a registered agent for service of process, Michael Shea.

## SUBJECT MATTER JURISDICTION

4. Tom Barrow admits that GPS purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, and that this Court has jurisdiction over this action under the above statutes, including 28 U.S.C. §§ 1331 and 1338(a).

5. The allegations set forth in ¶5 are not directed toward Defendant Tom Barrow.

6. To the extent that the allegations are directed toward Defendant Tom Barrow, denied, except Tom Barrow admits that Tom Barrow is listed as a distributor on Plasma Air International, Inc.'s website.

7.     Admits that this Court has personal jurisdiction over Tom Barrow, but otherwise denies said allegations including, but not limited to, the allegations of "on the grounds that Barrow has distributed, offered for sale, sold, and/or advertised infringing products in the United States, the State of Georgia, and the Northern District of Georgia directly, jointly, and/or through intermediaries".

## VENUE

8.     To the extent that the allegations are directed toward Defendant Tom Barrow, Tom Barrow admits that venue is proper pursuant to 28 U.S.C. § § 1391 and/or 1400(b), but otherwise denies the allegations, including, but not limited to, the allegation of "a substantial part of the infringing conduct giving rise to this claim occurred in this district".

## FACTUAL BACKGROUND

9.     Lack sufficient knowledge or information to form a belief about the truth of which is asserted regarding whether GPS is the "owner" of "all rights, title, and interest" including "the right to sue for all past, present, and future infringement". Tom Barrow admits that according to the cover page of United

States Patent Number 9,289,779 ("the '779 Patent"), the title is "Ion Generator Device".

10. Tom Barrow admits that according to the cover page of the '779 Patent, United States Application Serial No. 14/480,120 was filed on September 8, 2014 and issued on March 22, 2016.

11. Denied, except Tom Barrow admits that according to USPTO records, the Application Data Sheet ("ADS") dated September 8, 2014 lists a purported claim to prior application number 14/036,882 filed September 25, 2013.

12. Denied, except Tom Barrow admits according to USPTO records, the ADS dated September 8, 2014 lists that application number 14/036,882 is purportedly a divisional of application number 12/578,753 filed on October 14, 2009.

13. Denied.

14. Denied, except Tom Barrow admits that according to USPTO records, United States Application Serial No. 14/480,120 was published as publication number 2014/0373817 on December 25, 2014.

15. Denied said allegations including, but not limited to, "after full and fair examination by the United States Patent Office", except Tom Barrow admits that according to USPTO records, the issue date of the '779 Patent is March 22, 2016.

16. Denied.

17. Denied, except Tom Barrow admits that a purported copy of the '779 Patent was attached as Exhibit A of the Complaint.

18. Denies that Charles Waddell is the inventor of the technology claimed in the '779 Patent or in U.S. Patent No. 8,564,924 ("the '924 Patent"). Lack sufficient knowledge or information to form a belief about the truth of the remaining allegations.

19. Lack sufficient knowledge or information to form a belief about the truth of the allegations.

## COUNT I-PATENT INFRINGEMENT

20. Tom Barrow repeats and realleges its responses to paragraphs 1-19 as if fully set forth herein.

21. Denied, except, upon information and belief, Tom Barrow admits claim 1 of the '779 patent reads:

> A system for treatment of an airflow within a conduit, the system comprising at least one bipolar ion generator having first and second electrodes, the first electrode generating positive ions and the second electrode generating negative ions, wherein the first and second electrodes are aligned generally perpendicular to the airflow within the conduit whereby at least a portion of the positive ions and the negative ions do not recombine within the airflow.

22. Denied, except, upon information and belief, Tom Barrow admits claim 4 of the '779 patent reads:

> The system of claim 1, wherein the at least one bipolar ion generator is a tubeless ion generator, and wherein the first and second electrodes are needlepoint electrodes.

23. Denied, except, upon information and belief, Tom Barrow admits claim 5 of the '779 patent reads:

> The system of claim 1, wherein the conduit is an HVAC duct.

24. Denied, except, upon information and belief, Tom Barrow admits claim 6 of the '779 patent reads:

> The system of claim 1, wherein the conduit is an air handler unit housing of a VRV or VRF HVAC system.

25. Denied, except, upon information and belief, Tom Barrow admits claim 18 of the '779 patent reads:

> A method of treatment of an airflow within a conduit, the method comprising: providing at least one bipolar ion generator having first and second electrodes for delivery of positive and negative ions within the conduit; and aligning the first and second electrodes generally perpendicularly to the airflow within the conduit whereby at least a portion of the positive ions and the negative ions do not recombine within the airflow.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## PLAINTIFF'S REQUESTED RELIEF

Tom Barrow denies that Plaintiff is entitled to any relief whatsoever, whether as sought in its Prayer for Relief or otherwise. To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, Tom Barrow denies every allegation.

## FIRST AFFIRMATIVE DEFENSE

Tom Barrow has not and does not infringe any valid and enforceable claim of the '779 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

Each of the claims of the '779 Patent is invalid for failing to meet one or more of the requirements set forth in Title 35 of the United States code including, but not limited to, §§ 101, 102, 103, 112, et seq. and/or non-statutory double patenting.

### THIRD AFFIRMATIVE DEFENSE

The '779 Patent is unenforceable because Plaintiff has misused the same by attempting to enforce it despite knowing that it is invalid and unenforceable.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are partially or wholly barred by the doctrine of unclean hands or bad faith.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for costs is limited by 35 U.S.C. § 288.

### SIXTH AFFIRMATIVE DEFENSE

The '779 Patent is unenforceable due to the Plaintiff's conduct during the prosecution of the application which issued as the '779 Patent.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

WHEREFORE, Defendant Tom Barrow requests judgment against Plaintiff GPS as follows:

A. That the Complaint be dismissed in its entirety and that Plaintiff take nothing therefrom.

B. That this Court award Defendant Tom Barrow its reasonable costs and attorney's fees pursuant to 35 U.S.C. § 285;

C. That the Court grant such other and further relief as it may deem just and appropriate.

Respectfully submitted, this 10th day of August, 2016.

    */s/ Dan R. Gresham*
Dan R. Gresham
dan.gresham@thomashorstemeyer.com
Eric G. Maurer
eric.maurer@thomashorstemeyer.com
Wesley A. Roberts
wesley.roberts@thomashorstemeyer.com
400 Interstate North Parkway SE
Suite 1500
Atlanta, Georgia 30339-5029
Telephone: (770) 933-9500
Facsimile: (770) 951-0933

Seth Weinfeld (*pro hac vice*)
sweinfeld@ssmp.com
Scully, Scott, Murphy & Presser, P.C.
400 Garden City Plaza Ste 300
Garden City, New York 11530
Telephone: (516) 742-4343
Facsimile: (516) 742-4366

Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>PLASMA AIR INTERNATIONAL, INC., and TOM BARROW CO.,<br><br>                    Defendants. | Case No.: 1:16-cv-00915-RWS |

## **CERTIFICATE OF SERVICE**

I certify that I have this day filed the foregoing **DEFENDANT TOM BARROW CO.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** using the Court's ECF system, which will automatically send email documentation of such filing to all attorneys of record.

This 10th day of August, 2016.

                                                  */s/ Dan R. Gresham*
                                                  Attorney for Defendants

4820-6633-6822, v. 1