**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> PLASMA AIR INTERNATIONAL, INC., <br><br> and TOM BARROW CO., <br><br> Defendants. | Case No.: 1:16-cv-00915-RWS |

**DEFENDANT PLASMA AIR INTERNATIONAL, INC.'S FIRST
AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY
TRIAL AND FIRST AMENDED COUNTERCLAIMS**

Defendant Plasma Air International, Inc. ("Plasma Air") hereby files its First Amended Answer and Affirmative Defenses, responding, paragraph by paragraph to the Complaint for Patent Infringement filed by Plaintiff Global Plasma Solutions, LLC ("GPS") ("Complaint") and First Amended Counterclaims.

**FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Plasma Air denies all allegations made in the Complaint, whether express or implied, that are not specifically admitted below.

1

## THE PARTIES

1. Plasma Air lacks sufficient knowledge or information to form a belief about the truth of the allegations, which therefore stand denied.

2. Admit.

3. Plasma Air lacks sufficient knowledge or information to form a belief about the truth of the allegations, which therefore stand denied.

## SUBJECT MATTER JURISDICTION

4. Plasma Air admits that GPS purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, and that this Court has jurisdiction over this action under the above statutes, including 28 U.S.C. §§ 1331 and 1338(a).

## PERSONAL JURISDICTION

5. Plasma Air admits that the Court has personal jurisdiction over Plasma Air in this action pursuant to O.C.G.A. § 9-10-91, but otherwise denies said allegations including, but not limited to, the allegations of "Plasma has committed acts of patent infringement within or directed towards residents of the State of Georgia" and "Plasma's wrongful acts have caused injury

within the State of Georgia, and Plasma regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from goods sold, used or consumed or services rendered in this state".

6. Denied, except Plasma Air admits that Plasma Air's Internet web site lists Tom Barrow as a distributor in Georgia.

7. The allegations set forth in ¶7 are not directed toward Plasma Air.

## VENUE

8. To the extent that the allegations are directed toward Plasma Air, Plasma Air admits that venue is proper pursuant to 28 U.S.C. § § 1391 and/or 1400(b), but otherwise denies the allegations, including, but not limited to, the allegation of "a substantial part of the infringing conduct giving rise to the claim occurred in this district".

## FACTUAL BACKGROUND

9. Plasma Air lacks sufficient knowledge or information to form a belief about the truth of the allegations regarding whether GPS is the "owner" of "all rights, title, and interest" including "the right to sue for all past, present, and future infringement." Plasma Air admits that according to the cover page of

United States Patent Number 9,289,779 ("the '779 Patent"), the title is "Ion Generator Device".

10. Plasma Air admits that according to the cover page of the '779 Patent, United States Application Serial No. 14/480,120 was filed on September 8, 2014 and issued on March 22, 2016.

11. Denied, except Plasma Air admits that according to USPTO records, the Application Data Sheet ("ADS") dated September 8, 2014 lists a purported claim to prior application number 14/036,882 filed September 25, 2013.

12. Denied, except Plasma Air admits according to USPTO records, the ADS dated September 8, 2014 lists that application number 14/036,882 is purportedly a divisional of application number 12/578,753 filed on October 14, 2009.

13. Denied.

14. Denied, except Plasma Air admits that according to USPTO records, United States Application Serial No. 14/480,120 was published as publication number 2014/0373817 on December 25, 2014.

15. Plasma Air denies all said allegations including, but not limited to, "after full and fair examination by the United States Patent Office," except Plasma Air

admits that according to USPTO records, the issue date of the '779 Patent is March 22, 2016.

16. Denied.

17. Denied, except Plasma Air admits that a purported copy of the '779 Patent was attached as Exhibit A of the Complaint.

18. Plasma Air lacks sufficient knowledge or information to form a belief about the truth of the allegations concerning what is considered "Global's patent-pending technology." Plasma Air denies that Charles Waddell is the inventor of the technology claimed in the '779 Patent or in U.S. Patent No. 8,564,924 ("the '924 Patent"). Plasma Air admits that Charles Waddell and Larry Sunshine had a discussion where Charles Waddell, consistent with prior emails, refused to provide any details of the purported patent-pending technology since the '924 Patent was not published at the time because it was filed with a non-publication request.

19. Denied, except Plasma Air admits that Charles Waddell emailed Larry Sunshine a copy of the '924 Patent that issued October 22, 2013 that was previously requested, the email noted "as discussed at AHR, the pending versions wasn't in the public domain since it was filed with a non-publication request" and that additional "concepts/figures in divisional

5

patents," were in process. Plasma Air admits that Plasma Air was informed, in pre-suit communications, of the existence of United States Application Serial No. 14/480,120 and that a patent therefrom would be issuing.

## COUNT I-DIRECT PATENT INFRINGEMENT

20. Plasma Air repeats and realleges its responses to paragraphs 1-19 as if fully set forth herein.

21. Denied, except, upon information and belief, Plasma Air admits claim 1 of the '779 patent reads:

> A system for treatment of an airflow within a conduit, the system comprising at least one bipolar ion generator having first and second electrodes, the first electrode generating positive ions and the second electrode generating negative ions, wherein the first and second electrodes are aligned generally perpendicular to the airflow within the conduit whereby at least a portion of the positive ions and the negative ions do not recombine within the airflow.

22. Denied, except, upon information and belief, Plasma Air admits claim 4 of the '779 patent reads:

> The system of claim 1, wherein the at least one bipolar ion generator is a tubeless ion generator, and wherein the first and second electrodes are needlepoint electrodes.

23. Denied, except, upon information and belief, Plasma Air admits claim 5 of the '779 patent reads:

> The system of claim 1, wherein the conduit is an HVAC duct.

24. Denied, except, upon information and belief, Plasma Air admits claim 6 of the '779 patent reads:

> The system of claim 1, wherein the conduit is an air handler unit housing of a VRV or VRF HVAC system.

25. Denied, except, upon information and belief, Plasma Air admits claim 18 of the '779 patent reads:

> A method of treatment of an airflow within a conduit, the method comprising: providing at least one bipolar ion generator having first and second electrodes for delivery of positive and negative ions within the conduit; and aligning the first and second electrodes generally perpendicularly to the airflow within the conduit whereby at least a portion of the positive ions and the negative ions do not recombine within the airflow.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

## PLAINTIFF'S REQUESTED RELIEF

Plasma Air denies that Plaintiff is entitled to any relief whatsoever, whether as sought in its Prayer for Relief or otherwise. To the extent that the Prayer for Relief section of the Complaint is deemed to allege any facts or entitlements to the relief requested, Plasma Air denies every allegation.

## FIRST AFFIRMATIVE DEFENSE

Plasma Air has not and does not infringe any valid and enforceable claim of the '779 Patent, either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

Each of the claims of the '779 Patent is invalid for failing to meet one or more of the requirements set forth in Title 35 of the United States code including, but not limited to, §§ 101, 102, 103, 112, et seq. and/or non-statutory double patenting.

## THIRD AFFIRMATIVE DEFENSE

The '779 Patent is unenforceable because Plaintiff has misused the same by attempting to enforce it despite knowing that it is invalid and unenforceable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are partially or wholly barred by the doctrine of unclean hands or bad faith.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for costs is limited by 35 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE

The '779 Patent is unenforceable due to the Plaintiff's conduct during the prosecution of the application which issued as the '779 Patent.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

## EIGHTH AFFIRMATIVE DEFENSE

The '779 Patent is unenforceable due to the Plaintiff, upon information and belief, perpetrating fraud on the USPTO by failing to disclose material prior art and material information to the USPTO including, but not limited to, Bioclimatic Air Systems selling and advertising bipolar ionization devices for use in HVAC systems including for HVAC ducts and in air handler unit housings and the Installation, Operation and Maintenance manuals for the same and electrodes of the Bioclimatic Air System bipolar ionization devices being aligned perpendicular to the airflow; public engineering specifications for HVAC systems specifying bipolar ionization devices in HVAC ducts and/or air handler unit housings; and information regarding the Sterionizer™ including its advertised use for indoor

units (air conditioners) and electrodes of the Sterionizer™ aligned perpendicular to airflow.

## FIRST AMENDED COUNTERCLAIMS

Counterclaimant Plasma Air International, Inc. ("Plasma Air" or "Counterclaimant") alleges as follows for its first amended counterclaims against Counterclaim Defendant Global Plasma Solutions, LLC ("GPS").

1.  Counterclaimant Plasma Air is a corporation organized and existing under the laws of the State of Connecticut, having a principal place of business at 35 Melrose Place, Stamford CT 06902.

2.  Upon information and belief, Counterclaim Defendant Global Plasma Solutions, LLC ("GPS" or "Counterclaim Defendant") is a limited liability company organized and existing under the laws of the State of Georgia, having its principal office at 10 Mall Terrace, Building C, Savannah, Georgia 31406.

3.  These counterclaims are for declaratory judgments of invalidity, unenforceability and non-infringement of United States Patent No. 9,289,779 ("the '779 Patent") arising under 28 U.S.C. §§1338(a), 2201 and

2202 and the patent laws of the United States 35 U.S.C. §1 et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

4. Venue properly lies in this district under 28 U.S.C. § 1391.

5. There is a real, immediate, substantial and justiciable controversy between Plasma Air and GPS regarding the validity of the '779 Patent.

## COUNT I

6. Plasma Air repeats and realleges paragraphs 1-5 as if set forth herein at length.

7. The claims of the '779 Patent are invalid or unenforceable under one or more provisions of Title 35 of the United States code including, but not limited to §§ 101, 102, 103, 112, et. seq. and/or non-statutory double patenting.

## COUNT II

8. Plasma Air repeats and realleges paragraphs 1-7 as if set forth herein at length.

9. Plasma Air has not infringed any claim of the '779 Patent.

## COUNT III

10. Plasma Air repeats and realleges paragraphs 1-9 as if set forth herein at length.

11. Upon information and belief, GPS has intentionally misled the United States Patent and Trademark Office ("USPTO") during the prosecution of the '779 Patent.

12. Charles Waddell one of the alleged inventors of the claims of the '779 Patent, was upon information and belief, prior to GPS, an executive vice president of Bioclimatic Air Systems ("Bioclimatic"). Bioclimatic is a manufacturer of air purification systems for indoor air quality and Odor/air pollution control.

13. During Charles Waddell's employment with Bioclimatic, upon information and belief, Bioclimatic sold and advertised bipolar ionization devices for use in HVAC systems including for HVAC ducts and in air handler unit housings, and electrodes of the Bioclimatic bipolar ionization devices were aligned perpendicular to the airflow.

14. Upon information and belief, as part of his employment, Charles Waddell was aware of numerous Bioclimatic Installation, Operation and Maintenance

("IOM") manuals, for the bipolar ionization devices, that were publicly available prior to October 14, 2009.

15. Upon information and belief, these Bioclimatic IOM manuals describe that the bipolar ionization devices were designed for installation in the air handler (handling) unit (housings) or HVAC ducts and that electrodes of the Bioclimatic bipolar ionization devices were aligned perpendicular to the airflow.

16. Charles Waddell and GPS intentionally failed to disclose the Bioclimatic IOMs and sales of bipolar ionization devices for HVAC systems to the USPTO.

17. Prior to October 14, 2009, HVAC engineers for building design were specifying bipolar ionization devices for HVAC systems including HVAC ducts and/or air handler units in specifications that were publicly available for companies to bid.

18. Upon information and belief, Charles Waddell was aware of numerous publicly available specifications requiring bipolar ionization devices for HVAC systems.

19. Charles Waddell and GPS intentionally failed to disclose the publicly available specifications regarding bipolar ionization devices for HVAC systems to the USPTO.

20. The '779 Patent describes:

> [t]he ion generator preferably produces approximately equal amounts of positive and negative ions, regardless of airflow velocity or other conditions such as humidity or temperature. U.S. Pat. No. 7,177,133, hereby incorporated herein by reference, discloses an example form of ion generator, although it will be understood that various different ion generators may be adapted for use in connection with the present invention, including for example, the Sterionizer™ ion generator sold by Filt Air Ltd. of Zikhron Yaaqov, Israel. Col. 4:4-13.

21. The description of Col. 4:4-13 in the '779 Patent is also in the U.S. Patent No. 8,564,924 which was filed on October 14, 2009.

22. Accordingly, GPS conceded that the Sterionizer™ was sold prior to October 14, 2009.

23. Upon information and belief, GPS was aware of material information regarding the Sterionizer™ which GPS failed to disclose to the USPTO.

24. Prior to October 14, 2009, the Sterionizer™ was publicly disclosed at the 2009 AHR Expo in January 2009. The AHR Expo is one of the world's largest HVAC expositions.

25. The disclosure, at the 2009 AHR Expo, included a poster illustrating the electrodes of the Sterionizer™ aligned perpendicular to airflow.

26. The disclosure, at the 2009 AHR Expo also contained an indoor unit of a HVAC system having the Sterionizer™ installed therein.

27. Upon information and belief, at least one of the alleged inventors of the '779 Patent attended the 2009 AHR Expo and was aware of the public disclosure including the installation information.

28. Upon information and belief, GPS was aware that the Sterionizer™ was publicly known and specifically advertised to be installed in HVAC systems and airflow systems but failed to disclose to the USPTO the same.

29. Further, upon information and belief, GPS was also aware that Sterionizer™ was publicly known and specifically advertised that the electrodes of the Sterionizer™ are aligned perpendicular to the airflow but also failed to disclose to the USPTO the same.

30. Since GPS failed to disclose material information, the '779 Patent did not issue based on a full and fair examination of the claims.

31. By only disclosing certain details related to the Sterionizer™ in the '779 Patent, but not disclosing all of the material information that GPS was

aware, GPS intentionally misled the USPTO into believing that the claims of the '779 Patent were patentable over the Sterionizer™.

32. During the prosecution of the application which issued as U.S. Patent No. 8,861,168 (the parent patent to the '779 Patent), in an Official Action dated April 25, 2014, the Examiner rejected the pending claim 1, but indicated that claims 4-8 had allowable subject matter asserting that "the above mentioned claims add limitations, such as the use of the device in an air intake of an engine or **use in an HVAC system**, that have not been taught or fairly suggested by the prior art of record." (emphasis added).

33. Yet, even after this statement by the Examiner, Charles Waddell and GPS continued to mislead the USPTO by failing to provide the above material information which is tantamount to fraud on the USPTO.

34. As a direct and proximate consequence of this series of intentional acts of inequitable conduct before the USPTO, GPS obtained the '779 Patent which would not have issued but for the acts.

35. As a direct and proximate consequence of this series of intentional acts of inequitable conduct, the '779 Patent is invalid and unenforceable.

WHEREFORE, Defendant and Counterclaimant Plasma Air requests judgment against Plaintiff and Counterclaim Defendant GPS as follows:

  A. That the Complaint be dismissed in its entirety and that Plaintiff take nothing therefrom;

  B. That the Court declare that the '779 Patent is invalid and unenforceable;

  C. That the Court declare that the '779 Patent was obtained through fraudulent acts;

  D. That the Court declare that none of the products manufactured, used or sold by Defendant and Counterclaimant Plasma Air infringes any valid claim of the '779 Patent;

  E. That this Court award Defendant and Counterclaimant Plasma Air its reasonable costs and attorney's fees pursuant to 35 U.S.C. § 285;

  F. That the Court grant such other and further relief as it may deem just and appropriate.

Respectfully submitted, this 31st day of August, 2016.

                                             */s/ Dan R. Gresham*
                                             Dan R. Gresham
                                             dan.gresham@thomashorstemeyer.com
                                             Eric G. Maurer
                                             eric.maurer@thomashorstemeyer.com
                                             Wesley A. Roberts
                                             wesley.roberts@thomashorstemeyer.com
                                             400 Interstate North Parkway SE
                                             Suite 1500
                                             Atlanta, Georgia 30339-5029
                                             Telephone: (770) 933-9500
                                             Facsimile: (770) 951-0933

                                             Seth Weinfeld (to be admitted *pro hac vice*)
                                             sweinfeld@ssmp.com
                                             Scully, Scott, Murphy & Presser, P.C.
                                             400 Garden City Plaza Ste 300
                                             Garden City, New York 11530
                                             Telephone: (516) 742-4343
                                             Facsimile: (516) 742-4366

                                             Attorneys for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GLOBAL PLASMA SOLUTIONS, LLC,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PLASMA AIR INTERNATIONAL, INC.,<br><br>and TOM BARROW CO.,<br><br>　　　　　　　Defendants. | Case No.: 1:16-cv-00915-RWS |

## CERTIFICATE OF SERVICE

I certify that I have this day filed the foregoing **"DEFENDANT PLASMA AIR INTERNATIONAL, INC.'S FIRST AMENDED ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL AND FIRST AMENDED COUNTERCLAIMS"** using the Court's ECF system, which will automatically send email documentation of such filing to all attorneys of record.

This 31st day of August, 2016.

　　　　　　　　　　　　　　　　　*/s/ Dan R. Gresham*
　　　　　　　　　　　　　　　　　Attorney for Defendants